IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JULIO ALEMAN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **CIVIL ACTION NO.: 7:17-cv-429** |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant American Security Insurance Company files this Notice of Removal against Plaintiff Julio Aleman ("Plaintiff") pursuant to 28 U.S.C. Sections 1441 and 1446, as follows:

### I.      COMMENCEMENT AND SERVICE

1.      The underlying lawsuit was commenced on March 1, 2017, when Plaintiff filed his Original Petition in the 92nd District Court, Hidalgo County, Texas, styled Cause No. C-4045-17-A; *Julio Aleman v. American Security Insurance Company.*[1]

2.      American Security was served October 2, 2017.[2]

3.      American Security filed an answer in state court on October 23, 2017.[3]

4.      This Notice of Removal is filed within thirty days of the receipt of service of process and is timely filed under 28 U.S.C. § 1446(b).[4]  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

---

[1] *See* Exhibit B-1, Original Petition.
[2] *See* Exhibit A, Executed Process against American Security Insurance Company.
[3] *See* Exhibit B-2, Defendant's Original Answer.
[4] *See* Exhibit A, Executed Process against American Security Insurance Company.

## II.      GROUNDS FOR REMOVAL

5.      American Security is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III.      DIVERSITY OF CITIZENSHIP

6.      This is an action with complete diversity of citizenship between Plaintiff and Defendant.

7.      Plaintiff is a citizen of Texas.[5]

8.      Defendant American Security is organized under the laws of Delaware, with its principal place of business in Atlanta, Georgia.  American Security is therefore a citizen of the states of Delaware and Georgia within the meaning and intent of 28 U.S.C. § 1332.[6]

9.      No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

## IV.      AMOUNT IN CONTROVERSY

10.      In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options.  The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[7]  If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's

---

[5] *See* Exhibit B-1, Plaintiff's Original Petition, at ¶ 2; Ex. H-1, Accurint Report on Julio Aleman (demonstrating that Plaintiff has resided in Texas, at least, since 1998).

[6] *See* Exhibit I, Affidavit of Carmen Collazo.

[7] *See* 28 U.S.C. § 1446((b)(3); *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761–762 (5th Cir. 2000) (holding a post-filing demand letter as a valid basis upon which a case becomes removable).

removal papers or (ii) making an independent appraisal of the amount of the claim.[8]   In this

Circuit, the amount in controversy is calculated by considering all potential damages.[9]

11.     Here, the face of the Original Petition demonstrates that damages exceed $75,000.

Plaintiff's Original Petition expressly seeks between $100,000 and $200,000, exclusive of

interest and costs for an alleged improper property insurance adjustment under a $76,000

insurance policy.[10]   The demand in Plaintiff's Original Petition includes treble actual damages,

emotional distress, attorney's fees, statutory penalty interest, and exemplary damages resulting

from causes of action for breach of contract, breach of the duty of good faith and fair dealing,

and intentional violations of nine sections of the Texas Insurance Code.[11]   By Plaintiff's own

admission, the total amount in controversy in the action exceeds $75,000 and this Court has

jurisdiction under 28 U.S.C. § 1332.

## V.     <u>VENUE</u>

12.     Venue lies in the Southern District of Texas, McAllen Division, pursuant to 28

U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district

and division.

---

[8] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[9] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs."); *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[10] Exhibit B-1, Plaintiff's Original Petition, ¶ 4; *See* Exhibit J, American Security Policy Declarations Page.

[11] Exhibit B-1, Plaintiff's Original Petition, ¶¶ 39-42, 45.

## VI.    CONSENT TO REMOVAL

13.    No consent to removal is necessary as American Security is the only named defendant in this lawsuit.

## VII.    NOTICE

14.    Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII.    STATE COURT PLEADINGS

15.    Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.    EXHIBITS TO NOTICE OF REMOVAL

16.    Pursuant to Rule 81 of the Local Civil Rules for the Southern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

    A.  All executed process in the case;

    B.  Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

        1.  Plaintiff's Original Petition;

        2.  American Security Insurance Company's Original Answer;

    C.  All orders signed by the state judge;

    D.  Docket sheet;

    E.  An index of matters being filed;

    F.  A list of all counsel of record, including addresses, telephone numbers and parties represented;

    G.  Civil Cover Sheet;

    H.  Affidavit of Pooneh Momeni;

        1.  Accurint Report on Julio Aleman.

    I.  Affidavit of Carmen Collazo;

    J.  Policy Declarations Page.

## X.    CONCLUSION

WHEREFORE, Defendant American Security Insurance Company, pursuant to the statutes cited herein, removes this action from the 92nd District Court, Hidalgo County, Texas to this Court.

Dated:  November 2, 2017

Respectfully submitted,

**EDISON, MCDOWELL & HETHERINGTON LLP**

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Federal Bar No. 975212
1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@emhllp.com

*ATTORNEY IN CHARGE FOR DEFENDANT*

Of Counsel:
Pooneh A. Momeni
State Bar No. 24098123
Federal Bar No. 2782789
EDISON, MCDOWELL & HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Telephone: 713-337-5580
Facsimile:  713-337-8850
Pooneh.momeni@emhllp.com

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on November 2, 2017, on the following counsel of record by certified mail:

William T. Jones Jr.
Robert D. Green
Daniel P. Barton
Roy J. Elizondo
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax
bjones@gbtriallaw.com
green@gbtriallaw.com
dbarton@bartonlawgroup.com
relizondo@gbtriallaw.com


*/s/ Bradley J. Aiken*

Brad Aiken