# EXHIBIT B

# EXHIBIT B-1

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-4045-17-A

| | | |
|---|---|---|
| **JULIO ALEMAN** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **AMERICAN SECURITY INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendants.* | § | **___ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Julio Aleman ("Plaintiff"), complains of American Security Insurance Company and respectfully shows as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### II.
### PARTIES AND PROCESS SERVICE

2.    Plaintiff(s) resides in Hidalgo County, Texas.

3.    Defendant American Security Insurance Company is an insurance company engaging in the business of insurance in Texas, and is a citizen of Texas.  This defendant may be served with process through its registered agent Corporation Service Company, 211 E 7th St. Suite 620, Austin TX 78701-3218.

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4045-17-A**

### III.
### JURISDICTION

4.      Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs.  Such damages sought are within the jurisdictional limits of the court.  Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes stipulation as required by TEX.R.CIV.P. 47.

5.      The court has jurisdiction over Defendant it engages in the business of insurance in Texas, and because Plaintiff's causes of action arise out of Defendant's business activities in Texas.

### IV.
### VENUE

6.      Venue is proper in Hidalgo County, Texas, because the insured property giving rise to this cause of action is situated in Hidalgo County, Texas.  TEX.CIV.PRAC.REM.CODE §15.032.

### V.
### NOTICE AND CONDITIONS PRECEDENT

7.      Defendant has been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiff's actual damages in the manner and form required.

8.      All conditions precedent necessary to maintain this action and the Claim under the Policy have been performed, occurred, or have been waived by Defendant; and/or Defendant is otherwise estopped from raising any conditions precedent due to Defendant's prior breach of the insurance contract.

### VI.
### FACTS

9.      Plaintiff is the owner of certain real property with improvement (including Plaintiff's home) located at 213 Rancho El Coyote St., La Joya, Texas 78560 (the "Property").  The Property

---

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4045-17-A**

was insured by insurance policy number MLR777561400, issued by Defendant (the "Policy"). Plaintiff is the owner of the Policy and the named insured on the Policy.

10.     On or about 4/17/2016, or another time when the Policy was in effect, a severe storm caused substantial damage to the Property and constituted a covered loss under the Policy. After the loss, Plaintiff made a claim (claim no. 00200829949) and demand for payment on Defendant for damages to the Property and other damages covered by the terms of the Policy (the "Claim"). After Plaintiff made the Defendant failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's claim. Further, Defendant has refused to pay all amounts due and owing under the Policy for the Claim.

11.     Defendant made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant failed to fully quantify Plaintiff's damages, thus demonstrating that Defendant not conduct a thorough investigation of Plaintiff's claim. Defendant conducted a substandard investigation of Plaintiff's Claim, evidenced by the estimate issued and relied upon by Defendant. The damage estimate failed to include all damages to Plaintiff's Property. The damages Defendant included in the estimate were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained. Defendant failed to thoroughly review and properly supervise the adjustment of the Claim, including the inspection of the Property, which ultimately led to approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. Further, Defendant knowingly and intentionally overlooked damages at the Property and used an inadequate and biased investigation as the basis for erroneously denying a portion of Plaintiff's claim. Because of Defendant's conduct, Plaintiff's claim was underpaid and partially-denied.

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4045-17-A

12.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been satisfied by Plaintiff.  Defendant's conduct constitutes a breach of the contract between Defendant and Plaintiff.

13.     Defendant misrepresented to Plaintiff that much of the damage to the Property was not covered under the Policy, even though the damage was covered by the Policy.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(1).

14.     Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's Claim, when Defendant's liability was reasonably clear.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(2)(a).

15.     Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(3).

16.     Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendant.  Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(4).

---

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4045-17-A**

17.  Defendant refused to fully compensate Plaintiff for the Claim without conducting a reasonable investigation of the Claim. Rather, Defendant performed an unreasonable outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's Claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §541.060(a)(7).

18.  Defendant failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.055.

19.  Defendant failed to accept or deny Plaintiff's full and entire Claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of TEX.INS.CODE §542.056.

20.  Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendan's conduct constitutes a violation of TEX.INS.CODE §541.058.

21.  From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claims in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4045-17-A**

22.    Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

23.    Because of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing Plaintiff with respect to these causes of action.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT

24.    Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### A.    Breach of Contract.

25.    The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant. Defendant breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law.  Defendant's breach proximately caused Plaintiff injuries and damages.  All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the issue due to Defendant's prior breach of the insurance contract.

### B.    Noncompliance With Texas Insurance Code: Unfair Settlement Practices.

26.    The conduct, acts, and/or omissions by Defendant constituted Unfair Settlement Practices pursuant to TEX. INS. CODE.§541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

27.    Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX.INS.CODE §541.060(1).

---

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4045-17-A**

28.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

29.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

30.     Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

31.     Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

32.     Defendant's conduct described above compelled Plaintiff to initiate a lawsuit to recover amounts due under its policy by offering substantially less than the amount ultimately recovered. Defendant refused to even offer more than its own grossly undervalued estimates despite actual damages which were much greater. This continued failure compelled Plaintiff to file suit. TEX.INS.CODE §542.003(5).

   **C.     Prompt Payment Of Claims Violations.**

---

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4045-17-A

33.    The Claim is a claim under an insurance policy with Defendant of which Plaintiff gave Defendant proper notice.  Defendant is liable for the Claim.  Defendant violated the prompt payment of claims provisions of TEX. INS. CODE § 542.051, *et seq.* by:

a) Failing to acknowledge receipt of the Claim, commence investigation of the Claim, and/or request from Plaintiff all items, statements, and forms that Defendant reasonably believed would be required within the time constraints provided by TEX. INS. CODE §542.055;

b) Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and/or by

c) Delaying payment of the Claim following Defendant's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058.

34.    Defendant's violations of these prompt payment of claims provisions of the Texas Insurance Code are made actionable by TEX.INS.CODE §542.060.

**D.    Breach Of The Duty Of Good Faith And Fair Dealing.**

35.    Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that its liability to Plaintiff was reasonably clear.  Defendant's conduct proximately caused Plaintiff injuries and damages.

**VIII.
KNOWLEDGE**

36.    Defendant's acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**IX.
DAMAGES**

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4045-17-A**

37.     Plaintiff will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38.     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney fees.

39.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX.INS.CODE §541.152.

40.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of Plaintiff's claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

41.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

42.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firms whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## X.
## JURY DEMAND

43.     Plaintiff hereby requests a jury trial and tenders the appropriate jury fee.

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-4045-17-A

## XI.
## REQUEST FOR DISCLOSURE

44.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XII.
## PRAYER

45.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff has and recovers such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, statutory penalties and interest, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GREEN & BARTON**

By:     */s/   William. T. Jones, Jr.*
WILLIAM T. JONES JR.
State Bar No.: 24032601
bjones@GBTriallaw.com
ROBERT D. GREEN
State Bar No.: 08368025
green@greentriallaw.com
DANIEL P. BARTON
State Bar No.: 00789774
dbarton@bartonlawgroup.com
ROY J. ELIZONDO, III
State Bar No. 24036519
relizondo@GBTriallaw.com
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone

Electronically Filed
8/30/2017 1:05 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-4045-17-A**

(713) 621-5900- Fax

# EXHIBIT B-2

Electronically Filed
10/25/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

CAUSE NO.  C-4045-17-A

| | | |
|---|---|---|
| JULIO ALEMAN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 92ND JUDICIAL DISTRICT |
| | § | |
| AMERICAN SECURITY INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Security Insurance Company files this Original Answer and Requests for Disclosure against Plaintiff Julio Aleman as follows:

### I.
### GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant asserts a general denial to all claims and causes of action asserted by Plaintiff and demands strict proof thereof by a preponderance of the evidence.

### II.
### VERIFIED DENIAL

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to recovery in the capacity in which he sues.

### III.
### AFFIRMATIVE DEFENSES

3.     Plaintiff's claims are barred, in whole or in part, because paragraph 1.b of the "General Exclusions" section of the policy excludes losses caused by earth movement, including earth sinking, rising or shifting.

4.     Plaintiff's claims are barred, in whole or in part, because paragraph 1.e in the

Electronically Filed
10/25/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

"General Exclusions" section of the policy excludes losses caused by your neglect, meaning your neglect to use all reasonable means to save and preserve property at and after the time of the loss.

     5.     Plaintiff's claims are barred, in whole or in part, because paragraph 2.c of the "General Exclusions" section of the policy excludes losses caused by inadequate or defective; (1) planning, zoning, development, surveying, siting; (2) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) material used in repair, construction, renovation or remodeling; or (4) maintenance.

     6.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.a in the "Perils Insured Against" section of the policy excludes losses caused by freezing, thawing, pressure, or weight of water or ice, whether driven by wind or not, to a (1) fence, pavement, patio or swimming pool; (2) footing, foundation, bulkhead, wall, or any other structure or device that supports all or part of a building or other structure.

     7.     Plaintiff's claims are barred, in whole or in part, because paragraph 3.f in the "Perils Insured Against" section of the policy excludes losses caused by: (1) wear and tear, marring, deterioration; (2) inherent vice, latent defect, mechanical breakdown; (3) smog, rust or other corrosion, fungi, mold, wet or dry rot; (4) smoke from agricultural smudging or industrial operations; (5) discharge, dispersal, seepage, migration release or escape of pollutants; (6) settling, shrinking, bulging or expansion, including resultant cracking, of pavements, patios, foundations, walls, floors, roofs or ceilings; or (7) birds, vermin, rodents, insects, or domestic animals.

     8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacked standing to assert the claims presented in the Original Petition.

     9.     Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and

Electronically Filed
6/23/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

satisfaction, ratification, consent, settlement, payment, release, acquiescence, unclean hands, and/or *in pari delicto*.

10.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim or cause of action for punitive damages.

11.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

12.     Plaintiff's claims are barred, in whole or in part, by statutes of limitations and/or the doctrine of laches.

13.     Plaintiff's claims are barred, in whole or in part, by the filed rate doctrine.

14.     Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and/or comparative negligence.

15.     Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

17.     Plaintiff's claims are barred, in whole or in part, because any damages suffered by Plaintiff were caused by the acts and omissions of a party or parties over whom Defendant did not exercise control or right of control.

18.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff has failed to describe how a denial of the claim converts, what is in fact, a mere contractual claim into extra-contractual tort claims and causes of action under the Texas Insurance Code.

19.     Plaintiff's claims are barred, in whole or in part, by the specific terms of the Policy contract.

Electronically Filed
9/25/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

20.     Plaintiff's claims and allegations of "bad faith" are barred, in whole or in part, because Defendant's liability to Plaintiff was not reasonably clear.  A bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance proceeds from Defendant, and Defendant's liability, if any, has never become reasonably clear.  Accordingly, Defendant had a reasonable basis for denying Plaintiff's claim.

21.     Defendant avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional rights and safeguards provided to it under the Constitution of the State of Texas and the Constitution of the United States of America including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, and imposition of a punitive damage award would allow a verdict tainted by passion and prejudice.

22.     Imposition of punitive damages in this case would constitute a violation of Defendant's constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

23.     Imposition of punitive damages in this case would constitute a violation of due process and/or would be a violation of the statutory law of this state providing for a penalty. Plaintiff is not entitled to an award of punitive damages absent strict compliance with Chapter 41 of the Texas Civil Practice and Remedies Code.

24.     Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and/or

Electronically Filed
9/25/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

under the Due Course Clause of Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to a legitimate government interest.

25. Any award of punitive damages in this case would violate the procedural and/or substantive safeguards provided to Defendant under the Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and/or under Article I, Sections 13 and 19 of the Constitution of the State of Texas, in that punitive damages are penal in nature and, consequently, Defendant is entitled to the same procedural and substantive safeguards afforded to criminal Defendants.

26. Defendant avers that it would violate the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the United States of America and/or Article I, Section 10 of the Constitution of the State of Texas, to impose punitive damages against it, which are penal in nature, yet would compel them to disclose potentially incriminating documents and evidence.

27. It is a violation of the rights and safeguards guaranteed by the Constitution of the United States of America and/or the Constitution of the State of Texas to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

28. Defendant avers that any award of punitive damages to Plaintiff in this case will violate the Eighth Amendment to the Constitution of the United States and/or Article I, Section 13 of the Constitution of the State of Texas, in that said punitive damages would be an imposition of an excessive fine.

29. It would be unconstitutional to award any punitive damages as such would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections

Electronically Filed
10/23/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

13 and 19 of the Constitution of the State of Texas in that:

      a.      Said damages are intended to punish and deter Defendant, and thus this proceeding is essentially criminal in nature;

      b.      Defendant is being compelled to be a witness against itself in a proceeding essentially and effectively criminal in nature, in violation of their rights to due process;

      c.      The Plaintiff's burden of proof to establish punitive damages in this proceeding, effectively criminal in nature, is less than the burden of proof required in other criminal proceedings, and thus violates Defendant's rights to due process;

      d.      That inasmuch as this proceeding is essentially and effectively criminal in nature, Defendant is being denied the requirement of notice of the elements of the offense and the law and the authorities authorizing punitive damages are sufficiently vague and ambiguous so as to be in violation of the Due Process Clause of the Fifth Amendment and/or the Fourteenth Amendment of the United States Constitution and also in violation of Article I, Sections 13 and 19 of the Constitution of the State of Texas.

30.      Plaintiff has sustained no injury from the alleged conduct of Defendant.

31.      Plaintiff's claims are barred, in whole or in part, because Defendant's claim-handling practices and all related activities conformed in every respect to accepted industry standards and practices.

32.      Plaintiff's claims are barred, in whole or in part, because Defendant would show that there is an inherent mutual duty of good faith in the agreements related to this action and that Plaintiff may have failed to act in good faith.

33.      There has been no reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of punitive damages as required by Section 41.003 of the Texas Civil Practice & Remedies Code, therefore, that claim should not be allowed to proceed and should be dismissed and in all respects subject to the limitations set forth

Electronically Filed
10/23/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

in Chapter 41 of the Texas Civil Practice & Remedies Code.

34.    Plaintiff is not entitled to the recovery of attorney's fees and has failed to provide the statutory notices required to show entitlement to the same.

35.    Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an unreasonably excessive demand upon Defendant.

36.    Plaintiff's claims for attorney's fees are barred in whole or in part because Plaintiff made an excessive demand upon Defendant in bad faith.

37.    Defendant expressly reserves and preserves any and all rights it may have under the Policy or otherwise including, but not limited to, any right they may have to seek appraisal of the claims at issue.

## IV.
## REQUESTS FOR DISCLOSURE

38.    Pursuant to Rule 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a)-(i).

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON LLP

By: */s/ Bradley J. Aiken*
    Bradley J. Aiken
    State Bar No. 24059361
    Pooneh A. Momeni
    State Bar No. 24098123

1001 Fannin Street, Suite 2700
Telephone:  713-337-5580
Facsimile:  713-337-8850
Brad.aiken@emhllp.com
Pooneh.momeni@emhllp.com

*ATTORNEYS FOR DEFENDANT*

Electronically Filed
10/23/2017 8:40 AM
Hidalgo County District Clerks
Reviewed By: Jonathan Coronado

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing has been served on October 23, 2017, on the following counsel of record by eServe and/or certified mail, return receipt requested:

William T. Jones Jr.
Robert D. Green
Daniel P. Barton
Roy J. Elizondo
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747- Telephone
(713) 621-5900- Fax
bjones@gbtriallaw.com
green@gbtriallaw.com
dbarton@bartonlawgroup.com
relizondo@gbtriallaw.com

                                            */s/ Pooneh A. Momeni*
                                            Pooneh A. Momeni